ACCEPTED
061500047CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/22/2015 11:12:01 AM
DEBBIE AUTREY
CLERK

**NO. 06-15-00047-CR**

IN THE COURT OF APPEALS

FOR THE

SIXTH APPELLATE DISTRICT

AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
7/22/2015 11:12:01 AM
DEBBIE AUTREY
Clerk

MILTON EDWARD GRIGGS APELLANT

V.

THE STATE OF TEXAS, APPELLEE

APPEAL IN CAUSE NUMBER CR1401075

IN THE COUNTY COURT AT LAW #1

OF HUNT COUNTY, TEXAS

JUDGE TIMOTHY S. LINDEN PRESIDIING

APPELLE
PETER GIESEKING
Assistant County Attorney
Hunt County, Texas
Bar Number # 24081640
Hunt County Court House
P.O. Box 1097
Greenville, TX 75403
(903) 408-4112

# TABLE OF CONTENTS

**SECTION** **PAGE**

TABLE OF CONTENTS...................................................................................................... i

STATEMENT OF FACTS ...................................................................................................1

ARGUMENT..........................................................................................................................1

     A.      That State agrees with the Appellant in that there is not
            sufficient evidence to suggest ineffective assistance of
            counsel. There is sufficient evidence on record that
            Defendant was aware he was pleading guilty to Class A
            Failure to ID..........................................................................................1

PRAYER.................................................................................................................................3

CERTIFICATE OF WORD COUNT ..................................................................................4

CERTIFICATE OF SERVICE ............................................................................................5

## STATEMENT OF FACTS

The State has reviewed the Appellant's Anders brief's Statement of Facts and agree with the facts set forth in their brief.

## ARGUMENT

After reviewing Appellant's Anders brief the State agrees that there is not sufficient evidence to show ineffective assistance of counsel. The trial attorney negotiated a plea deal with the State having one of the cases dismissed. The record shows trial attorney provided the court with mitigating evidence during the hearing. (CR Vol. 1, p. 17-31). The Defendant under oath swears that he went over the Waiver of Rights, Confessions, and Agreement with his trial attorney. (CR Vol. 1, p. 37). The trial attorney offers all of the mitigation evidence from the Motion to Revoke hearing in Cause # CR1301005 to be considered in the Failure to ID Cause # 1401075. (CR Vol. 1, p. 40). During punishment the State Attorney clearly states that the case is a class A misdemeanor on the record and there is no response or objection from the Defendant showing that he was unaware that it was indeed a class A misdemeanor. (CR Vol. 1, p. 41). Taking all of these things into consideration, The State agrees with Appellant's Anders brief and there is not sufficient evidence to show ineffective assistance of counsel.

After reviewing Appellant's Pro Se brief, it appears the argument is the Defendant's lack of knowledge that the Defendant was pleading guilty to class A misdemeanor but actually a class B misdemeanor. In reviewing the record there is no evidence to show Defendant's lack of understanding at the time of the plea. The Defendant under oath swears that he went over the Waiver of Rights, Confessions, and Agreement with his trial attorney. (CR Vol. 1, p. 37). During punishment the State Attorney clearly states that the case is a class A misdemeanor on the record and there is no response or objection from the Defendant showing that he was unaware that it was indeed a class A misdemeanor. Additionally the State Attorney asked for the maximum of 365 days in jail which elicited no response for the Defendant. (CR Vol. 1, p. 41). The Defendant had ample opportunity at this point to inform the court his lack of understanding of the plea deal. The fact that the Defendant on the record stated he went over the agreement and all court documents with the attorney before pleading guilty to the Failure to ID Cause # 1401075 and the fact he did not objection or make any comments when the State on the record stated it was indeed a class A misdemeanor and asked for 365 jail as punishment goes to show that the Defendant knew or should have known he was pleading guilty to a class A misdemeanor. Therefore there was no evidence to show ineffective assistance of counsel in not informing the Defendant as to what he was pleading to.

## **PRAYER**

WHEREFORE, the State respectfully prays this court affirm the judgment and conviction herein.

Respectfully submitted,


_____/S/___Peter Gieseking_____

PETER GIESEKING
Assistant County Attorney of Hunt County
State Bar Number – 24081640
P.O. Box 1097
Greenville, Texas 75403-324
(903) 408-4112
ATTORNEY FOR THE STATE

## **CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT**

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney of record certifies that Appellant's Brief contains 14 point typeface of the body of the brief, 12 point typeface for footnotes in the brief and contains 655 words.

/s/ Peter Gieseking
PETER GIESEKING

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing State's Response was served on counsel for Appellant.

___/S/___Peter Gieseking_____
*Peter Gieseking*